# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                       Case No. 8:19-CR-91-T-35-AAS

JASIEL OMAR AYALA-TORRES
_____/

## SENTENCING MEMORANDUM

### I.  Legal Framework for Sentencing Analysis

It is now well established that sentencing requires a two-step process. First, the district court must correctly calculate the sentencing guideline range. Second, the district court must consider the factors outlined in 18 U.S.C. §3553(a) to determine a reasonable sentence as to each defendant in each case.

In <u>United States v. Talley</u>, 431 F.3d 784, 786 (11th Cir. 2005), the Eleventh Circuit enumerated the ten factors used to determine a reasonable sentence: (1) the nature and circumstances of the offense and the defendant's personal history and characteristics; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide a just punishment; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with appropriate educational training, vocational training, or medical care; (6) types of sentences

available; (7) the correctly-calculated sentence range under the Sentencing Guidelines; (8) pertinent policy statements of the U.S. Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.

## II. Analysis of 18 U.S.C. § 3553(a) Factors

### A. History and Characteristics of the Defendant

Jasiel Omar Ayala-Torres is a 30-year-old citizen of Mexico.[1] He was born in the Municipality of Lázaro Cardenas, State of Michoacán, Mexico.

Located in southwestern Mexico, the economy of the State of Michoacán is based on agriculture, livestock, forest products, and fishing.[2] It is one of the poorest areas of Mexico.[3] Sixty-two percent of minor children in Michoacán suffer from extreme poverty.[4] Michoacán has one of the highest infant mortality rates in Mexico – 20 deaths for every 1,000

---

[1] PSR, Page 3

[2] "El Estado de Michoacán Introduccion" [The State of Michoacan Introduction] (in Spanish). Morelia, Michoacán: UMSNH.

[3] Diálogo, May 22, 2013, *Mexico Deploys 5,000 Troops and Police in Michoacán,* http://dialogo-americas.com

[4] http://www.lajornadamichoacan.com.mx/2013/04/26/el-62-7-de-los-ninos-en-michoacan-padece-de-algun-grado-de-pobreza-coespo/; April 26, 2013

infants born.⁵ The principal cause of death of children before age five is chronic malnutrition.⁶

Mr. Ayala-Torres's childhood was bleak, brutal, and bitter. His father was an alcoholic who would disappear from home for weeks at time.⁷ What money the family had, Mr. Ayala-Torres's father spent on alcohol and prostitutes.⁸ When he was at home, Mr. Ayala-Torres's father would regularly get drunk and physically abuse his wife and children.⁹ Mr. Ayala-Torres was a frequent target of his father's drunken fury.¹⁰

By the time Mr. Ayala-Torres was 9 years old, the family's money had run out, and there wasn't enough food and clothing for Mr. Ayala-Torres and his siblings.¹¹ When Mr. Ayala-Torres was 14 years old, his mother fled the home without saying a word to anyone before she left.¹² When his mother escaped, she took Mr. Ayala-Torres's two younger siblings with her.¹³ When Mr. Ayala-Torres's father discovered his wife had left him, he

---

⁵ Geo Mexico, The Geography and Dynamics and Modern Mexico; website: http://geo-mexico.com/?p=2949
⁶ See footnote #4
⁷ PSR, Page 9
⁸ Id.
⁹ PSR, Page 9
¹⁰ June 20, 2019 presentence investigation interview of Jasiel Torres-Ayala
¹¹ PSR, Page 9
¹² June 20, 2019 presentence investigation interview of Jasiel Torres-Ayala
¹³ PSR, Page 9

3

beat Mr. Ayala-Torres, blaming the boy for his wife's departure.[14]

Several months later, at the age of 14 or 15, Mr. Ayala-Torres fled his father and became homeless on the streets of the Municipality of Lázaro Cardenas.[15] By day, he found a job working as a waiter / busboy at a seafood restaurant.[16] Mr. Ayala-Torres felt extremely fortunate to have this job, because the owners of the restaurant allowed him to eat all his meals there free of charge.[17] By night, Mr. Ayala-Torres slept in abandoned buildings, in the company of drug addicts and the homeless.[18] When Mr. Ayala-Torres was around 18 years of age, his father stopped drinking and apologized to Mr. Ayala-Torres for his actions; consequently, father and son reconciled.[19]

When Mr. Ayala-Torres was around 20 years of age, he entered a common law relationship with Ms. Damaris Reyes-Corona.[20] Mr. Ayala-Torres and his common law wife have three children together, ages 8, 6, and 5.[21] Mr. Ayala-Torres supports his family of 5 by working as a fisherman.[22]

---

[14] June 20, 2019 presentence investigation interview of Jasiel Torres-Ayala
[15] PSR, Page 9
[16] August 16, 2019 Interview of Jasiel Torres-Ayala
[17] Id.
[18] PSR, Page 9
[19] August 16, 2019 Interview of Jasiel Torres-Ayala
[20] June 20, 2019 presentence investigation interview of Jasiel Torres-Ayala
[21] Exhibit #1 – Letter from Ms. Damaris Reyes-Corona
[22] PSR, Page 11

4

According to Ms. Reyes-Corona, Mr. Ayala-Torres loves his children very much.[23] Before his arrest in this case, Mr. Ayala-Torres and his family were living in an abandoned government-owned property that consisted of one room and a shared communal bathroom.[24] Since Mr. Ayala-Torres's arrest in this case, his wife and children have moved in with his wife's parents and her four siblings.[25]

## B. The Correctly-Calculated Sentence Range Under The Sentencing Guidelines

The PSR calculates Mr. Ayala-Torres's advisory guideline range to be an offense level 33, Criminal History I.[26] This Guideline range carries a recommended sentence of 135 to 168 months imprisonment.[27]

Defense Counsel respectfully objects to the probation officer's calculation of the sentencing guidelines, as it does not include a downward adjustment for minor role.[28] It is Defense Counsel's position that Mr. Ayala-Torres's offense level is 27, and that his criminal history category is I,

---

[23] Id.
[24] PSR, Page 9
[25] Exhibit #1B – English Translation of Letter from Ms. Damaris Reyes-Corona
[26] PSR, Page 12
[27] PSR, Page 12
[28] PSR, Pages 22-24.

5

resulting in a guideline range of 70 to 87 months of incarceration.[29] Defense Counsel will present argument regarding this issue at sentencing.

### C. The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct

Mr. Ayala-Torres is not a danger to reoffend. He is a simple, poor fisherman who was seduced by the temptation of financial security for himself and his family.

Mr. Ayala-Torres has no prior criminal history.[30] The United States Sentencing Commission has noted that first time offenders such as Mr. Ayala-Torres are easily the most empirically identifiable group of guideline federal offenders who are the least likely to re-offend.[31]

Mr. Ayala-Torres is well aware that when he agreed participate in this smuggling venture that he made the biggest mistake in his life. The results of that decision have been disastrous for him; he has been plucked from his native country, stripped of all that is familiar to him, and separated indefinitely from his family.

Perhaps most stinging to Mr. Ayala-Torres, he has lost the ability to support his family both financially and emotionally. Given the great

---

[29] PSR, Page 26
[30] PSR, page 8
[31] *Recidivism and the First Offender*, United States Sentencing Commission, May 2004

6

privation he experienced as a child, Mr. Ayala-Torres knows the hardship his family will endure in the coming years.

When the Bureau of Prisons does eventually release Mr. Ayala-Torres, he will undoubtedly steer clear of any contact with drug shipments for the remainder of his life.

### III. Conclusion

The Defense respectfully requests this Court take all the forgoing factors into consideration when it imposes a sentence that is "sufficient but not greater than necessary to comply with" the goals of sentencing set forth in 18 U.S.C. § 3553(a).

In this case, Defense Counsel respectfully submits that the sentence that is "sufficient but not greater than necessary to comply with" the goals of sentencing set forth in 18 U.S.C. § 3553(a) is a sentence of 57 months of incarceration.[32]

---

[32] At sentencing, based on Mr. Ayala-Torres history and characteristics, Defense Counsel will move for a downward variance and request a sentence of 57 months of incarceration.

Respectfully submitted the 10[h] day of September 2019.

/s/ *David C. Hardy*

David C. Hardy, Attorney at Law
Board Certified Specialist in Criminal Trial Law
Florida Bar #689661
The Hardy Law Firm, P.A.
1710 N. 19TH Street, Suite 215
Tampa, FL 33605
Telephone: (813) 990-9547
Facsimile: (813) 354-4617
Email:dch@thehardylawfirm.com

# EXHIBITS

Exhibit #1A    English Translation - Letter from Ms. Damaris Reyes-Corona (Redacted)

Exhibit #1B    Letter (in Spanish) from Ms. Damaris Reyes-Corona (Redacted)

**Certificate of Service**

I HEREBY CERTIFY that on September 10, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Mr. Michael Baggé Hernández, AUSA
Mr. Nick DeRenzo, SAUSA
Office of the United States Attorney
400 North Tampa Street, Suite 3200
Tampa. FL 33602

/s/ *David C. Hardy*
David C. Hardy, Attorney at Law
Board Certified Specialist in Criminal Trial Law
Florida Bar #689661
The Hardy Law Firm, P.A.
1710 N. 19TH Street, Suite 215
Tampa, FL 33605
Telephone: (813) 990-9547
Facsimile: (813) 354-4617
Email: dch@thehardylawfirm.com